See Attachment

(9)
11-13-00

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL STEVENS,
    Plaintiff

  v.                                    CIVIL NO. 1:CV-00-1316
                                       (Judge Caldwell)

WARDEN, USP LEWISBURG,
    Defendant

FILED
HARRISBURG, PA

NOV 09 2000

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

# MEMORANDUM

## I. Introduction.

Plaintiff, Michael Stevens, an inmate currently confined in the United States Penitentiary, Leavenworth, Kansas, but formerly confined in the United States Penitentiary in Lewisburg, Pennsylvania, (USP-Lewisburg), has filed this pro se action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 and "other federal law."[1]

The complaint is accompanied by an application to proceed in forma pauperis. The plaintiff has also filed a "Motion to Lower Monthly Payments for Filing Fee."

## II. Background.

Stevens contends that in April 1998, while confined in USP-Lewisburg, prison officials placed him in the Special Housing Unit (SHU) for "demanding medical care." (Doc. No. 1, Complaint).

---

1. Stevens does not specify the "other federal law" he relies on, so we will treat this case as one solely under the FTCA.

Plaintiff alleges that "during the month of June, [he] was in a SHU cell with almost no ventilation" and that "the temperature in the cell exceeded 100° for over 3 weeks." Id. He claims that "on two separate nights, [he] woke in a state of panic" and on both occasions he "called for medical attention." Id. Stevens states that "on each of the two occasions a black P.S. wearing a Dashiki (a loose fitting tunic) looked at [plaintiff] through his cell door and told [him] he was ok, even though [plaintiff] told the P.A. he had a heart attack on both occasions." Id. He claims that the "P.A. never offered an electrocardiogram or even examined [plaintiff]." Id.

In July 1998, Stevens was transferred to the Federal Transfer Center in Oklahoma City, Oklahoma, where he "suffered severe chest pains caused by injury to his heart from heart attacks he suffered while in the SHU at USP-Lewisburg." Id. He claims that "medical personnel at FCI-Oklahoma City performed an electrocardiogram and confirmed [plaintiff's] heart attacks and prescribed nitro pills for relief of the pain in [his] heart." Id.

Plaintiff files the instant action in which he alleges that "the officials at USP-Lewisburg were negligent in their placement in a cell with virtually no ventilation, with a window which would not open properly." Id. As a result, plaintiff "suffered permanent damage to his heart." For relief, Stevens seeks compensatory damages. Id.

2

For the reason set forth below, the court will dismiss the complaint without prejudice for failure to exhaust administrative remedies. However, we will grant leave to amend if the Plaintiff has, in fact, exhausted his administrative remedies but merely neglected to allege that in his complaint.

III. <u>Discussion</u>.

With respect to an FTCA claim, such a cause of action:

> shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

In the instant action, the Plaintiff does not indicate that he has pursued his administrative remedies under the FTCA. The Third Circuit has held that the requirement of receiving a "final denial" by the administrative agency on a FTCA claim "is jurisdictional and cannot be waived." <u>Bradley v. United States</u>, 856 F.2d 575, 577-78 (3d Cir. 1988)(citing <u>Bialowas v. United States</u>, 443 F.2d 1047, 1049 (3d Cir. 1971). <u>See</u> also <u>Livera v. First National State Bank</u>, 879 F.2d 1186, 1194 (3d Cir. 1989). Thus, because the FTCA procedural requirements have not been met, the court lacks subject-matter jurisdiction to hear the instant negligence claim.

3

The Bureau of Prisons has established a multi-tiered system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1999). First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." Id. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." Id. § 542.14(a). The warden has twenty days in which to respond. Id. § 542.18.

If an inmate is not satisfied with the warden's response, he may appeal (on the appropriate form) to the Regional Director within twenty calendar days from the date of the warden's response. Id. § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, he may appeal that decision to the General Counsel within thirty calendar days from the date of the Regional Director's response. Id. The Regional Director has thirty days and the General Counsel forty days to respond. Id. § 542.18.

Plaintiff has not indicated that he presented his claims informally to the staff or formally through a written Administrative Remedy Request. It therefore appears that he has not exhausted his administrative remedies, and his complaint must

4

be dismissed. However, as noted above, he will be granted leave to amend if he has in fact exhausted administrative remedies.[2]

Finally, we will deny the plaintiff's "Motion to Lower Monthly Payments for Filing Fee." The amount deducted from plaintiff's prison account is the statutorily required amount under 28 U.S.C. § 1915(b)(1) and (2) which impose certain financial payments on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915. We cannot alter those payment schedules.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 9, 2000

---

2. We advise the Plaintiff that if he does file an amended complaint, he cannot name the warden at USP-Lewisburg as the defendant. He must name the United States. See Maclean v. Secor, 876 F. Supp. 695, 705 (E.D. Pa. 1995)(the United States is the "exclusive defendant" under the FTCA); Haas v. Barto, 829 F. Supp. 729, 732 (M.D. Pa. 1993).

5

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL STEVENS,
    Plaintiff

    v.                             CIVIL NO. 1:CV-00-1316
                                (Judge Caldwell)

WARDEN, USP LEWISBURG,
    Defendant

FILED
HARRISBURG, PA
NOV 0 9 2000
MARY E. D'ANDREA, C
Per _____ Deputy Clerk

<u>O R D E R</u>

AND NOW, this 9th day of November, 2000, it is ordered that:

    1. The complaint is dismissed without prejudice for failing to exhaust administrative remedies.

    2. The Plaintiff is granted leave to amend his complaint if he has in fact exhausted administrative remedies but merely neglected to aver that he had.

    3. Any amended complaint shall be filed within 20 days of the date of this order. If the Plaintiff fails to do so, this action will be dismissed.

    4. The plaintiff's motions to lower monthly payments for filing fee, (Doc. Nos. 7 & 8) are denied.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 9, 2000

Re:   1:00-cv-01316   Stevens v. Warden, USP, Lewisbu

True and correct copies of the attached were mailed by the clerk to the following:

Michael Stevens
USP-LEAVENWORTH
06284-055
1300 Metropolitan
Leavenworth, KS  66048

```
cc:
Judge                           ( ✓ )
Magistrate Judge                (   )
U.S. Marshal                    (   )
Probation                       (   )
U.S. Attorney                   (   )
Atty. for Deft.                 (   )
Defendant                       (   )
Warden                          (   )
Bureau of Prisons               (   )
Ct Reporter                     (   )
Ctroom Deputy                   (   )
Orig-Security                   (   )
Federal Public Defender         (   )
Summons Issued                  (   )  with N/C attached to complt. and served by:
                                       U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             (   )
Order to Show Cause             (   )  with Petition attached & mailed certified mail
                                       to:  US Atty Gen  ( )   PA Atty Gen  ( )
                                            DA of County ( )   Respondents  ( )
Bankruptcy Court                (   )
Other    PlSHC                  ( ✓ )
         Belisario
```

MARY E. D'ANDREA, Clerk

DATE:  11/9/00                              BY: _____
                                                Deputy Clerk